UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
MANUEL GOMEZ,

                Plaintiff,

      - against -

JUDGE KENNETH HOLDER,

                Defendant.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-6019 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On October 29, 2021, Plaintiff Manuel Gomez, proceeding *pro se*, commenced the instant fee-paid action against Kenneth Holder, a Justice of the New York State Supreme Court. For the reasons discussed below, the complaint is dismissed without leave to amend.

## BACKGROUND

Plaintiff alleges that he is a private investigator who was hired by the family of Ajaya Neale, who was accused of murder, and that Justice Holder presided over various hearings related to the criminal case. (Complaint ("Compl."), Dkt. 1-2, ¶¶ 2, 4, 21.) Plaintiff's claims are based on allegations that Justice Holder defamed Plaintiff in a judicial decision rendered after a *Sirois* hearing.[1] Plaintiff alleges that Justice Holder's statement of the facts in that decision unfairly cast Plaintiff and Plaintiff's investigation in a negative light. For example, Plaintiff complains that the decision mentions that Plaintiff had been arrested, but does not mention that the charges were

---

[1] A *Sirois* hearing is "a hearing held in New York criminal cases to determine whether the defendant has procured a witness's absence or unavailability through his own misconduct, and thereby forfeited any hearsay or Confrontation Clause objections to admitting the witness's out-of-court statements." *Cotto v. Herbert*, 331 F.3d 217, 225–26 (2d Cir. 2003) (citing *People v. Geraci*, 649 N.E.2d 817 (N.Y. 1995)). *Sirois* hearings are "analogous to the *Mastrangelo* hearing[s] used in federal cases in the Second Circuit." *Id.* at 226 n.1 (citing *United States v. Mastrangelo*, 693 F.2d 269, 272 (2d Cir. 1982)).

dismissed; that, as a police officer, Plaintiff had numerous civilian complaints against him, but not that Plaintiff "won" all of those complaints; that Plaintiff had been denied a gun license in New York City, but not that Plaintiff had been granted a gun license in other jurisdictions; and that Plaintiff had been fired from the New York City Police Department for cause based on a disciplinary action, when Plaintiff was in fact fired for an off-duty incident for which he was cleared. (*Id.* ¶¶ 39, 42, 44.) Plaintiff also takes issue with some of Justice Holder's other exercises of core judicial functions, such as determining witness credibility and reconciling conflicting evidence, which allegedly reflected poorly on Plaintiff and his investigation. (*Id.* ¶¶ 40–41.) Plaintiff argues that, in issuing his decision, Judge Holder published false and defamatory statements and intentionally inflicted emotional distress on Plaintiff.[2] (*Id.* ¶¶ 46–65.) Plaintiff seeks monetary damages and attorneys' fees. (*Id.* at 25, Prayer for Relief.)

## LEGAL STANDARD

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). A complaint, however, must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

---

[2] Plaintiff alleges that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 4101. (Dkt. 1 at 4.) 28 U.S.C. § 4101 offers a definition of defamation, but only in the context of restricting when courts in the United States can enforce judgements about defamation rendered by courts in foreign countries. 28 U.S.C. § 4101 *et seq*. Even liberally construed, it is not clear that Plaintiff's complaint states any federal cause of action. Because the Court dismisses this case on other grounds, however, it need not address this other possible infirmity.

formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets, and citation omitted).

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case *sua sponte* if it determines that it lacks jurisdiction over the matter or the action is frivolous. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3). An action is frivolous as a matter of law when, *inter alia*, it is "based on an indisputably meritless legal theory"—that is, when it "lacks an arguable basis in law . . . , or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 473 (2d Cir. 1998).

## DISCUSSION

It is well-settled that judges have absolute immunity from suit for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam); *Forrester v. White*, 484 U.S. 219, 225–26 (1988); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 524–25 (E.D.N.Y. 2010), *aff'd*, 434 F. App'x 32 (2d Cir. 2011). Judicial immunity "is not overcome by allegations of bad faith or malice," nor can judges "be deprived of immunity because the action [the judge] took was in error . . . or was in excess of [the judge's] authority." *Mireles*, 502 U.S. at 11, 13 (second alteration in original). Judicial immunity may only be overcome where (1) the challenged acts were not taken in the judge's judicial capacity or (2) the acts, "though judicial in nature, [were] taken in the complete absence of all jurisdiction." *Id.* at 11–12; *accord Gross v. Rell*, 585 F.3d 72, 82 (2d Cir. 2009).

3

In this case, all of Plaintiff's allegations against Justice Holder relate to acts performed in his judicial capacity. Indeed, Plaintiff's claims are based on Justice Holder's exercise of core judicial functions, such as determining the credibility of witnesses and making factual findings after a hearing. (*See, e.g.*, Compl., Dkt. 1-2, ¶¶ 41–42.) Plaintiff does not plead any facts to suggest that the actions allegedly taken by Justice Holder were not taken within his judicial capacity or that he acted in excess of his jurisdiction. Accordingly, Plaintiff's claims against Justice Holder are barred by judicial immunity and should be dismissed as frivolous. *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (per curiam) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 1989))); *Brik v. DeLizzo*, No. 21-CV-5353 (AMD) (LB), 2021 WL 4592391, at *1 (E.D.N.Y. Oct. 6, 2021).

When stating his purported basis for jurisdiction, Plaintiff preemptively requests permission to amend his complaint because he is *pro se*. (Dkt. 1 at 4.) District courts generally grant *pro se* plaintiffs an opportunity to amend. *See, e.g.*, *Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000). That is not warranted, however, where it is clear from the face of the complaint that any such amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, because it is clear from the face of the complaint that the sole defendant is absolutely immune from suit, the Court denies Plaintiff's request to amend. *See Proctor v. Quinn*, No. 19-CV-833 (PKC) (LB), 2019 WL 692935, at *3 (E.D.N.Y. Feb. 19, 2019) (dismissing *pro se* complaint without leave to amend where sole defendant was immune from suit); *Russ v. Chavers*, No. 10-CV-1370 (SLT) (JO), 2012 WL 170007, at *5 (E.D.N.Y. Jan. 19, 2012) (denying *pro se* plaintiff leave to amend where all named defendants were immune from liability).

## CONCLUSION

For the reasons set forth above, the complaint is dismissed in its entirety without leave to amend.  Although Plaintiff paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully requested to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 16, 2021
       Brooklyn, New York